**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ERIC ALLEN,**<br>　　　　Plaintiff**,**<br>　　vs.<br>**OCWEN LOAN SERVICING, LLC, ET AL.,**<br>　　　　Defendants**.** | CASE NO. 18-cv-03734-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 55 |

Plaintiff Eric Allen's second amended complaint asserts eight causes of action against Ocwen Loan Servicing, LLC ("Ocwen"), Wells Fargo Bank, N.A. ("Wells Fargo"), Deutsche Bank National Trust Company ("DB"), and Does 1-100 arising out of a loan on the property at 424 Violet Road, Hercules, CA 94547 ("Subject Property").[1] (Dkt. No. 54 ("SAC").)

On June 12, 2019, the Court granted motions by Wells Fargo as well as Ocwen and DB to dismiss plaintiff's first amended complaint and provided plaintiff leave to amend with respect to select claims.[2] (Dkt. No. 51 ("MTD Order").) Now before the Court is Wells Fargo's motion to dismiss plaintiff's second amended complaint ("SAC").[3] (Dkt. No. 55 ("MTD").) Having

---

[1] These claims include: (1) breach of written contract; (2) breach of verbal contract; (3) negligent misrepresentation; (4) negligence; (5) promissory estoppel; (6) violation of Cal. Civ. Code § 2923.7; (7) violation of 12 U.S.C. § 2605; and (8) violation of 15 U.S.C. § 1601. (SAC at ¶¶ 53-110.)

[2] Defendants Ocwen and DB have answered plaintiff's SAC. (Dkt. No. 57.)

[3] In connection with its motion to dismiss, Wells Fargo requests that the Court take judicial notice of eleven federal bankruptcy court filing and orders. (Dkt. No. 56 ("RJN") at 1-3.) Each of these documents were filed with the United States Bankruptcy Court for the Northern District of California and are available on the court's website. Accordingly, the Court **GRANTS** this

carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **GRANTS** defendant's motion to dismiss.

**I.   BACKGROUND**

The background giving rise to this action is well-known, and the Court will not repeat it here. (*See* MTD Order at 2-7.) Plaintiff's SAC includes a handful of additional allegations. (*Compare* Dkt. No. 35 *with* SAC.) The SAC includes the following new introductory allegations:

1. Plaintiff homeowner has filed suit seeking redress for claims arising out of breaches of contract (written and verbal agreements), negligent misrepresentation, negligence, promissory estoppel, violation of Cal. Civil Code § 2923.7, violation of 15 U.S.C. § 1601; and violation of 12 U.S.C. § 2605, as will be set forth below.
2. This action is of a civil nature. Plaintiff is informed and believes that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.
3. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the unlawful conduct is alleged to have occurred in Contra Costa County, California and Plaintiffs' home which is the subject of this litigation is located in Contra Costa County, California. Therefore, jurisdiction and venue is [sic] properly with this Court.

(SAC ¶¶ 1-3.) Plaintiff adds only one new assertion to the "General Allegations" section of his SAC: "Plaintiff was an account holder and customer of Wells Fargo at the time of the payment incident on June 23, 2014 should have called him and been able to call him to tell him my payment was not credited toward his loan. Although Wells Fargo claimed they did not have his telephone number or any way to contact him about his payment, that is a false, and knowingly false statement." (*Id.* ¶ 18 (quoted verbatim).) The Court addresses plaintiff's additional cause-of-action-specific allegations as it evaluates each of those claims below.

\\

\\

\\

---

unopposed request for judicial notice. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original). However, the court only affords them their proper evidentiary weight.

## II.	LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Id.* at 556–57. Moreover, a plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2) . . . ." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). "Specific identification of the parties to the activities alleged by the plaintiff[] is required . . . to enable [a] defendant to plead intelligently." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013) (internal quotation marks omitted).

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to a nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion to a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

3

If a court determines that a complaint should be dismissed, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). In making this determination, a court must bear in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).

**III.   ANALYSIS**

Plaintiff's amended complaint alleges eight causes of action, the first six of which arise under California state law – (1) breach of written contract; (2) breach of verbal contract; (3) negligent misrepresentation; (4) negligence; (5) promissory estoppel; (6) violation of Cal. Civ. Code § 2923.7 – and the final two of which constitute federal causes of action – (7) violation of 12 U.S.C. § 2605, the Real Estate Settlement Procedures Act, ("RESPA"); and (8) violation of 15 U.S.C. § 1601, the Truth in Lending Act ("TILA"). (SAC ¶¶ 53-110.)

Because plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 (SAC ¶ 2) and federal courts are courts of limited jurisdiction and must dismiss an action if no such jurisdiction exists, the Court turns first to plaintiff's federal law causes of action. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**A. Federal Claims**

1. RESPA Claim (Violation of 12 U.S.C. § 2605)

RESPA provides that servicers of federally related mortgage loans must "notify the borrower in writing of any assignment, sale, or transfer of servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Plaintiff's SAC now includes additional allegations to address two issues. First, the SAC alleges that it was Ocwen and Wells Fargo who "failed to properly or timely inform" plaintiff. Second, the notification concerned "a change in servicer to Ocwen or Wells Fargo, and [that such] transfer was not excluded from RESPA's notice requirements."[4]

---

[4] Plaintiff also alleges that Ocwen failed to properly notify him of another, more recent transfer. (SAC ¶ 89.)

4

(SAC ¶ 88.) In light of the new allegations, the Court analyzes plaintiff's notification-based RESPA claim.[5]

First, RESPA's notice requirements apply only to "[e]ach *servicer*" of any federally related mortgage loan. 12 U.S.C. § 2605(b)(1) (emphasis supplied). Although plaintiff's SAC contends that defendants failed to properly notify plaintiff "of a change in services *to Ocwen or Wells Fargo*," plaintiff does not otherwise allege that Wells Fargo was a servicer of the loan at issue.[6] (SAC ¶ 88 (emphasis supplied).) Instead, plaintiff alleges that "*at all times* referred to herein, except as otherwise stated herein, *Ocwen was the loan servicer* on plaintiff's loan with Wells Fargo, that is the subject of this lawsuit." (*Id.* ¶ 14; *see also id.* ¶ 18 (alleging that in June 2014 plaintiff informed a Wells Fargo employee "that 'Ocwen' was the loan servicer on his mortgage with Wells Fargo").) With respect to Wells Fargo, plaintiff's SAC identifies Wells Fargo as "claim[ing] to be the beneficial interest holder and Lender[.]" (*Id.* ¶ 7.) Thus, plaintiff has failed to allege a notification-based RESPA claim against Wells Fargo. *See Crawford v. Cal-Western Reconveyance Corp.*, No. CV 12-10598 DSF (VBKx), 2013 WL 12131585, at *3 (C.D. Cal. Feb. 25, 2013) (dismissing with prejudice plaintiffs' RESPA claim against one defendant because plaintiffs did not "plead[] or otherwise establish[] that [defendant] [was] a loan servicer and [defendant] ha[d] provided documents indicating that it [was] merely the substituted trustee, not a loan servicer").

Second, RESPA has a three-year statute of limitation for violations of Section 2605. 12 U.S.C. § 2614. In his SAC, plaintiff alleges that because "no notice [was] provided, . . . the statute of limitations had not yet begun to run until the filing of the instant matter such that and tolling is not implicated[.]" (SAC ¶ 88.) Plaintiff also contends, in the alternative, "that the Court should apply the doctrine of equitable tolling of the statute of limitations in the interests of

---

[5] The Court notes that in light of the ambiguity of plaintiff's first amended complaint, its prior order discussed a qualified written response ("QWR")-based claim. (MTD Order at 11.) However, plaintiff's additional allegations demonstrate that he does not allege a QWR-based claim.

[6] Plaintiff's opposition to the instant motion does not acknowledge or otherwise respond to this argument. (*See* Opp. at 10-11.)

5

justice." (*Id.*) In support thereof, plaintiff asserts that "[w]ithout service of a legal notice, [he] lacked knowledge of what kinds of transfer had occurred or whether it was the type of transfer to which the notification requirement applied, until retaining counsel for the filing of the instant matter." (*Id.*) The Court disagrees.

Plaintiff's SAC alleges elsewhere that he *knew in 2013 and 2014* that Ocwen was the servicer of the loan and Wells Fargo the lender. Specifically, plaintiff asserts that *at the time of the 2013* execution of the Share Appreciation Modification Agreement ("SAMA"), he and his wife "were told by their Servicer OCWEN LOAN SERVICING, LLC . . . that Wells Fargo Bank, N.A. . . . was the lender." (*Id.* ¶ 7.) Additionally, plaintiff alleges "[o]n or about June 23, 2014, plaintiff entered a Wells Fargo Bank . . . [and] advised [employee of Wells Fargo Bank] Mr. Mercado that 'Ocwen' was the loan servicer on his mortgage with Wells Fargo." (*Id.* ¶ 18.) Accordingly, the statute of limitations began to run at least as early as June 2014 and, thus, expired June 2017. Plaintiff filed his initial complaint a year later on June 22, 2018. (Dkt. No. 1.) Accordingly, because, in light of these allegations, plaintiff cannot amend his complaint to allege that he was unaware of the alleged transfer of the loan to Ocwen and/or Wells Fargo, plaintiff's notification-based RESPA claim is **DISMISSED WITH PREJUDICE**. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying factors that may justify denying leave to amend, including futility).

2. TILA Claim (Violation of 15 U.S.C. § 1601)

In its June 12 Order, the Court dismissed plaintiff's TILA claim as time-barred and provided plaintiff leave to amend, to the extent plaintiff seeks only damages, "to allege why the statute of limitations should be tolled" beyond the one-year for which the statute provides. (MTD Order at 11-12.) In response, plaintiff's SAC contends that "[e]quitable tolling should apply due to the fact that [d]efendants did not comply with the notice requirements for assignment to Deutsche Bank or of receipt and application of his June 23, 2014 payment leading to the failure of [d]efendants to complete the modification pursuant to conditional terms of the SAMA which still has not yet been rectified." (SAC ¶ 102.) Based thereon plaintiff asserts that "because [he] was deprived of statutory notices he was unable to take action sooner." (*Id.*) Plaintiff further contends that he "did not have knowledge of his rights to receive notice of any assignment and within 30

6

days until retaining counsel for the preparation of the filing of this lawsuit, and in fact, due to the circumstances that servicers were employed to manage his loan account, [p]laintiff had no direct contact with the beneficial interest holder of his deed of trust and would not have been privy to knowledge of assignment unless statutory notice requirements were complied with, which they were not." (*Id.*)  However, as the Court advised plaintiff in its June 12 Order, "the mere existence of TILA violations does not support equitable tolling of TILA's statute of limitations."[7] *Quach v. Bank of Am., N.A.*, 5:13-CV-00467-EJD, 2013 WL 3788827, at *3 (N.D. Cal. July 17, 2013); *see also* MTD Order at 12.

As noted above, allegations in the complaint as well as judicially noticeable Bankruptcy documents show plaintiff's awareness in at least 2014. As such, plaintiff has failed to allege circumstances justifying tolling of the one-year statute of limitations. Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff's TILA claim. *Quanch*, 2013 WL 3788827, at *3; *see also Foman*, 371 U.S. at 182 (identifying factors that may justify denying leave to amend, including repeated failure to cure deficiencies by amendments previously allowed and futility).

### B. State Law Claims

With respect to all remaining eight state law causes of action against Wells Fargo, plaintiff ignores most of Wells Fargo's arguments, namely (1) that plaintiff's breach of contract claims fail because plaintiff has failed to identify which contract forms the basis of the claim and how Wells Fargo is a party thereto; (2) that, with r

espect to the promissory estoppel claim, plaintiff does not allege that Wells Fargo said anything

---

[7] Plaintiff's SAC also elaborates on his allegation that defendants "violated TILA for failing to apply partial payments and the June 2014 payment to his loan balance under the provision requiring notice of the deposit of partial payments into suspense accounts on the period statement and treatment of such funds as a periodic payment[,]" for failing to credit a non-conforming payment (the June 23, 2014 payment) within five days[,]" and failing "to provide requisite advisements regarding partial payments[.]" (SAC ¶ 104.) Plaintiff further alleges that he "was entitled to received notices about such payments and his rights to have these types of payment deposited and credited to his loan, but he did not receive these at all or in a timely manner as is required, at or around the assignment to Deutsche Bank, or with regard to the June 23, 2014 payment within the time constraints required by TILA[.]" (*Id.*) Plaintiff does not provide any additional allegations beyond those discussed herein and previously alleged as to why the Court should toll the statute of limitations and so this portion of his TILA claim similarly fails.

about satisfactory performance of the SAMA and any promise relating to the SAMA could not support a claim because promissory estoppel is not available when an existing contract covers the same subject; and (3) that Section 2923.7 imposes obligations only on mortgage servicers. Therefore the Court views the silence as a concession that the motion is well taken with respect to those arguments and claims. Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff's Section 2923.7 claim against Wells Fargo as he has alleged that Ocwen, not Wells Fargo, was the mortgage servicer. *See Foman*, 371 U.S. at 182.

Plaintiff does argue generically that the motion should be denied as to all claims because (1) Wells Fargo fails "to set forth a defense that they were not an alter ego of Ocwen . . ."; and (2) all applicable statutes of limitation should be tolled. (Opp. at 9, 12-13.) Before the alter ego doctrine can be invoked two elements must be alleged; "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an equitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 526 (2000); *see also Mesler*, 39 Cal.3d at 300 ("There is not litmus test to determine when the corporate veil will be pierced; rather the result will depend on the circumstances of each particular case. There are, nevertheless, two general requirements: '(1) that there can be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an equitable result will follow[.]'"); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). Factors showing such a relationship include: "[1] the commingling of funds and other assets of the entities, (2) the holding out by one entity that it is liable for the debts of the other, [3] identical equitable ownership of the entities, [4] use of the same offices and employees, [5] use of one as a mere shell or conduit for the affairs of the other, [6] inadequate capitalization, [7] disregard of corporate formalities, [8] lack of segregation of corporate records, and [9] identical directors and officers." *Corcoran v. CVS Health Corp.*, 169 F.Supp.3d 970, 983 (N.D. Cal. 2016). Nothing in the SAC alleges the same nor is any proffer made that such allegations could be made. This argument fails.

8

Additionally, for the reasons stated above, plaintiff's argument with respect to the tolling of statute of limitations of his state law claims similarly fail. Accordingly, the Court **DISMISSES WITH PREJUDICE** the following claims as time-barred: breach of oral contract, negligent misrepresentation, negligence, and promissory estoppel. *See Foman*, 371 U.S. at 182. Further, plaintiff's only remaining state law claim, breach of written contract, is **DISMISSED WITH PREJUDICE** for failure to allege a contract between plaintiff and Wells Fargo. *See Foman*, 371 U.S. at 182.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant Wells Fargo's motion to dismiss and **DISMISSES WITH PREJUDICE** plaintiff's claims against Wells Fargo.

This Order terminates Docket Number 55.

**IT IS SO ORDERED.**

Dated: August 29, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**